UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

D/F

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>ZEV SALTSMAN, MENACHEM EITAN,<br>MARTIN E. WEISBERG, EDWARD G.<br>NEWMAN, STEVEN A. NEWMAN, AND<br>ANDREW BROWN,<br><br>　　　　　　　　　　　　　Defendants. | C.A. No. 07-4370 (NGG) |

**FINAL JUDGMENT AS TO DEFENDANT ZEV SALTSMAN**

The Securities and Exchange Commission having filed a Amended Complaint and Defendant Zev Saltsman having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Amended Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VII); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

2

        made, in light of the circumstances under which they were made, not misleading; or

(c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use

or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 13 of the Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78m] and Rule 13d-1 and 13d-2 promulgated thereunder [17 C.F.R. § 240.13d-1] by, after acquiring directly or indirectly the beneficial ownership of more than 5% of classes of equity securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], failing to file with the Commission statements containing the information required by Schedule 13D and/or Schedule 13G [17 C.F.R. § 240.13d-101 or § 240.13d-102] within the time period prescribed.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's

4

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 16(a) of the Exchange Act [15 U.S.C. § 78p(a)] and Rule 16a-3 [17 C.F.R. § 240.16a-3] promulgated thereunder by:

(a) being the beneficial owner of more than 10 percent of any class of any equity security which is registered pursuant to Section 12 of the Exchange Act or an officer or director of the issuer of such security, and failing to file, at the time of the registration of such security on a national securities exchange or by the effective date of a registration statement filed pursuant to section 12(g) of the Exchange Act, or within ten days after becoming a beneficial owner, officer or director, a statement with the Commission (and if such security is registered on a national exchange, with the exchange) of the amount of all equity securities of such issuer of which he is the beneficial owner; or if there has been a change in such ownership or if such person shall have purchased or sold a security-based swap agreement (as defined in section 206B of the Gramm-Leach-Liley Act) involving such equity security during such month, and failing to file with the Commission (and if such security is registered on a national exchange, with the exchange), before the end of the second business day following the day on which the subject transaction was executed, a statement indicating his ownership at the date of filing and such changes in his ownership and such purchases and sales of such security-based swap agreement since the most recent filing under Section 16(a)(2)(C).

5

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $5,000,000, representing ill-gotten gains resulting from the conduct alleged in the Amended Complaint. This disgorgement shall be deemed satisfied by the criminal restitution paid by Defendant in *U.S. v. Saltsman, et al.*, 07-CR-641 (E.D.N.Y.)

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: June 4, 2019

s/Nicholas G. Garaufis
_____
UNITED STATES DISTRICT JUDGE

## AUTHENTICATION OF SIGNATURE

I the undersigned Danziger Yossef Notary at 2th Hanotyim St' Kareny Shomron, hereby certify that on 19.3.19 there appeared before me at my office Mr Zev Norman Saltsman., whose identity was proved to me by his Passport NO 506132561 . *, and signed of his hir own free will the above document (the attached document marked A) (the document overleaf).

In witness whereof I hereby authenticate the signature of Mr Zev Norman Saltsman by my own signature and seal this 19.3.19

(Signature)



Notary fee 267.00

---

\* Where more than one person appeared, each should be named separately, specifying the manner in which his or her identity was proved.

*Note*: Delete whatever is inapplicable.

---

מספר סידורי 3/19
טופס מס׳ 1

## אימות חתימה

אני הח״מ דנציגר יוסף נוטריון ברחוב הנוטעים 2 קרני שומרון מאשר כי ביום 19.3.19 ניצב לפני במשרדי מר זאב נורמן זלצמן שזהותו הוכחה לי על פי דרכון מס׳ 011510815 וחתם מרצונו החופשי על המסמך שלעיל (המצורף והמסומן באות A) (שמעבר לדף).

ולראיה הנני מאמת את חתימתו של מר זאב נורמן זלצמן בחתימת ידי ובחותמי, היום 19.3.19



חותם הנוטריון

שכר נוטריון 267.00 ש.ח

---

\* ניצבו יותר מאדם אחד, יש לפרש בשמו של כל אחד לחוד בציון דרך וחוכחת הזהות שנקטו לגביו.

הערה: מחק את הטעון מחיקה.

3/19Serial
Form No. 1


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ZEV SALTSMAN, MENACHEM EITAN, MARTIN E. WEISBERG, EDWARD G. NEWMAN, STEVEN A. NEWMAN, AND ANDREW BROWN,<br><br>Defendants. | C.A. No. 07-4370 (NGG) |

**CONSENT OF DEFENDANT ZEV SALTSMAN**

1.　Defendant Zev Saltsman ("Defendant") acknowledges having been served with the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.　Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

   (a)　permanently restrains and enjoins Defendant from violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)], Section 5 of the Securities Act [15 U.S.C. § 77e], Section 13 of the Exchange Act [15 U.S.C. § 78m] and Rule 13d-1 and 13d-2 promulgated thereunder [17 C.F.R. § 240.13d-1], and Section 16(a) of the Exchange Act [15 U.S.C. § 78p(a)] and Rule 16a-3 [17 C.F.R.

1

§ 240.16a-3] promulgated thereunder;

(b)   Orders Defendant to pay disgorgement in the amount of $5,000,000, which amount shall be deemed satisfied by the criminal restitution paid by Defendant in *US v. Saltsman et. al*, 07-CR-641 (E.D.N.Y.).

3.   Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4.   Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5.   Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

6.   Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7.   Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8.   Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

9.   Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted

against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the Complaint and Amended Complaint in this action.

10. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint and Amended Complaint or

creating the impression that the Complaint and Amended Complaint are without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the Complaint and Amended Complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint or Amended Complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the Complaint and Amended Complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have

reached a good faith settlement.

12. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

13. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 19 Mar. 2019

_____
Zev Saltsman

On 19 Mar, 2019, Zev Saltsman, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary
Commission expires

Approved as to form:

_____
Benjamin Brafman
Brafman & Associates, P.C.
767 Third Avenue 26th Floor
New York, NY 10017-9002
Attorneys for Defendant Zev Saltsman

5